UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LOWELL A. BAISDEN, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 19-cv-3105 (KBJ) |
| WILLIAM P. BARR, *in his official capacity as Attorney General of the United States*, *et al.*, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

On January 31, 2012, Plaintiff Lowell Baisden was sentenced to a 37-month term of imprisonment after pleading guilty to willfully attempting to evade the federal income tax that his two co-defendants owed.  *See* Judgment, *United States v. Baisden*, No. 4:09-cr-03031-2, ECF No. 283 (D. Neb. Jan. 31, 2012).  Thus, Baisden has been convicted of "a crime punishable by imprisonment for a term exceeding one year[,]" and, as a result, he is now prohibited from possessing "any firearm or ammunition" under federal law.  18 U.S.C. § 922(g)(1); *see also id.* § 922(d)(1) (making it unlawful "to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person . . . has been convicted . . . of[] a crime punishable by imprisonment for a term exceeding one year").  On October 3, 2019, Baisden filed the instant civil action against Defendants William P. Barr, in his official capacity as Attorney General of the United States, and Regina Lombardo, in her official capacity as Acting Deputy Director of the U.S. Bureau of Alcohol, Tobacco,

Firearms, and Explosives ("ATF") (collectively, "Defendants"), to seek "declaratory and injunctive relief" (*see* Compl., ECF No. 1, ¶ 1) that allows him to possess a firearm pursuant to the statutory exemption for "offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices[,]" 18 U.S.C. § 921(a)(20)(A).

Before this Court at present is the government's motion to dismiss Baisden's complaint (*see* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 6), which Baisden opposes (*see* Pl.'s Opp'n to Def.'s Mot. ("Pl's Opp'n"), ECF No. 8).  In the motion to dismiss, the government argues that Baisden has failed to allege facts that demonstrate that he has Article III standing (*see* Def.'s Mot. at 9–13), and that, in any event, Baisden has not stated a claim on which relief can be granted, because federal tax evasion does not fall within the statutory exception to the federal prohibition on possession of firearms by felons (*see id.* 13–20).[1]

For the reasons explained below, this Court agrees with the government that, given the factual allegations contained in Baisden's complaint, Baisden has yet to allege any cognizable, non-speculative injury that is capable of supporting Article III standing.  Consequently, Defendants' motion to dismiss will be **GRANTED**, and Baisden will be provided with an opportunity to amend his complaint and attempt to cure this defect, such that the Court may exercise subject-matter jurisdiction over his claims consistent with its Article III authority.

---

[1] Page-number citations to the documents that the parties and the Court have filed refer to the page numbers that the Court's Electronic Case Filing ("ECF") system automatically assigns.

**I.     BACKGROUND[2]**

In 2009, Baisden was a resident of Bakersfield, California, and was a licensed certified public accountant ("CPA") in California.  *See* Indictment, *United States v. Baisden*, No. 4:09-cr-03031-2, ECF No. 1, ¶ 3 (D. Neb. Mar. 20, 2009).  In this capacity, Baisden provided accounting, tax preparation, and consulting services to clients in California, Nebraska, and other states.  *See id.*  In 2004, in conjunction with preparing tax returns for a married couple, Baisden "submitted false tax returns in an effort to evade the income tax owed by the couple to the United States."  *United States v. Baisden*, 713 F.3d 450, 452 (8th Cir. 2013).

On March 20, 2009, a grand jury indicted Baisden on five criminal counts, including willfully attempting to evade and defeat the income tax due for the married couple in the amount of $236,217, in violation of 26 U.S.C. § 7201, and 18 U.S.C. § 2.  *See* Indictment, *United States v. Baisden*, No. 4:09-cr-03031-2, ECF No. 1, ¶¶ 30–31 (D. Neb. Mar. 20, 2009).  Baisden pleaded guilty to this charge on January 31, 2012, in exchange for the government dismissing the remaining counts in the indictment, *see* Plea Agreement, *United States v. Baisden*, No. 4:09-cr-03031-2, ECF No. 223, at 1 (D. Neb. Oct. 3, 2011), and the district court sentenced him to a term of 37 months of imprisonment, *see* Judgment, *United States v. Baisden*, No. 4:09-cr-03031-2, ECF No. 283, at 1 (D. Neb. Jan. 31, 2012).  Baisden served his term of incarceration at Taft Correctional Institute in California, and was released on July 8, 2014.  (*See* Compl.

---

[2] The facts recited herein, which are undisputed, are drawn from the complaint, the exhibits attached to the parties' briefs, and publicly available court documents.  *See Rogers v. District of Columbia*, 880 F. Supp. 2d 163, 166 (D.D.C. 2012) (explaining that a court "may take judicial notice of public records[,]" including court filings and docket sheets).

¶ 31.)  Shortly thereafter, jurisdiction over his criminal case was transferred to the Eastern District of California, *see* Transfer of Jurisdiction, *United States v. Baisden*, No. 1:15-cr-3, ECF No. 2 (E.D. Cal. Jan. 8, 2015), and the associated period of supervised release was terminated on June 16, 2016 (*see* Compl. ¶ 35).

Baisden filed the instant lawsuit, *pro se*, against the Attorney General and ATF on October 3, 2019.  (*See* Compl. at 1.)  The complaint includes a long and detailed recitation of the civil and criminal tax-related actions that the United States brought against Baisden and his co-defendants between 2002 and 2016, which are not relevant for purposes of the instant dispute.  (*See generally id.* ¶¶ 4–38, 48–67.)  The complaint also discusses, at times verbatim, the standing analysis in *Reyes v. Sessions*, 342 F. Supp. 3d 141 (D.D.C. 2018)—a case that similarly involved a convicted felon's challenge to the federal ban on firearms possession.  (*See* Compl. ¶¶ 39–44.)  In particular, Baisden's complaint recounts that the court in *Reyes* held that the plaintiff had alleged "the injury of not being able to purchase or obtain firearms" (*id.* ¶ 42), and that he had "pleaded sufficient facts to establish [that] injury in fact" (*id.* ¶ 43)—findings that Baisden says apply to his case as well (*see id.* ¶ 44 ("Baisden possesses this same standing.")).  Baisden's complaint also states that he is seeking "declaratory and injunctive relief in regard to the complete denial, under Section 922 of Title 18 of United States Code, of [his] Second Amendment right to keep and bear arms solely and exclusively as a result of his 2011 conviction for aiding and abetting federal income tax evasion offense."  (*Id.* ¶ 1.)

On January 17, 2020, Defendants filed a motion to dismiss for lack of jurisdiction or, in the alternative, for failure to state a claim.  (*See* Defs.' Mot., ECF No.

4

6; *see also* Reply Mem. in Supp. of Defs.' Mot. ("Defs.' Reply"), ECF No. 9.) Specifically, Defendants argue that Baisden lacks Article III standing, for two reasons: first, because he has not alleged any "particularized and non-conjectural injury" such as any plans to own a firearm (*see* Defs.' Reply at 10); and, second, because any claimed injury by operation of the challenged federal laws is neither fairly traceable to those laws nor redressable by a favorable ruling in this case, given that "an independent statute in California, Plaintiff's state of residence, specifically bars him from possessing a firearm due to his felony conviction" (Defs.' Mot. at 3). Additionally, the government argues that, "even if Plaintiff had standing to challenge the application of federal law to him, his claim fails as a matter of law[,]" because "the primary purpose and the elements of the federal tax evasion statute demonstrate[] that it is designed primarily to deter and punish loss of revenues to the United States Treasury, rather than to address competitive harm or economic harm to consumers[,]" and, therefore, Baisden's "conviction for tax evasion does not fall within the scope of the statutory business practices exception." (*Id.* at 3–4.)

     Baisden opposes the government's motion. His response brief contends that he has Article III standing because he "is living with his relatives in both California and Ohio" (Pl.'s Opp'n at 5), and, "last year, [he] realized that he live[d] in Ohio long enough to qualify under state law to exercise his gun rights" (*id.* at 6), which means that, "but for his 2011 Federal conviction, Baisden is being currently prevented from exercising his constitutionally-protected gun rights in Ohio where Baisden can use guns today" (*id.* at 7). In support of constitutional standing, Baisden also argues that he would be permitted to own a firearm under the laws of at least twenty other states, and

5

that he "will have gun rights in the future" in six additional states.  (*Id.* at 8.) Moreover, on the merits, Baisden takes the position that his crime of conviction— aiding and abetting tax evasion—is designed primarily to address economic harm to consumers, and thus qualifies under the business practices exception.  (*See id.* at 9–12.)

The government filed its reply brief on February 10, 2020 (*see* Defs.' Reply, ECF No. 9), and Baisden filed an opposed motion for leave to file a surreply on February 20, 2020 (*see* Pl.'s Mot. for Leave to File a Surreply ("Pl.'s Surreply"), ECF No. 10; *see also* Defs.' Mem. in Opp'n to Pl.'s Surreply, ECF No. 11; Pl.'s Reply to Pl.'s Surreply, ECF No. 12).[3]  These motions are now ripe for decision.

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(1) Motions To Dismiss For Lack Of Jurisdiction

The doctrines of standing, mootness, and ripeness are "[t]hree inter-related" doctrines of justiciability that determine the "constitutional boundaries" of a court's jurisdiction.  *Worth v. Jackson*, 451 F.3d 854, 855–57 (D.C. Cir. 2006).  "Under Rule 12(b)(1), it is to be presumed that a cause lies outside the federal courts' limited jurisdiction, unless the plaintiff establishes by a preponderance of the evidence that the Court possesses jurisdiction," *Muhammad v. F.D.I.C.*, 751 F. Supp. 2d 114, 118 (D.D.C. 2010) (internal quotation marks, citations, and alteration omitted), and thus Rule 12(b)(1) imposes on the court an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority[,]" *Abu Ali v. Gonzales*, 387 F. Supp. 2d 16, 17 (D.D.C. 2005) (internal quotation marks and citations omitted)).

---

[3] Given its conclusions regarding the insufficiency of Baisden's injury-in-fact allegations, this Court need not address the arguments raised in Baisden's surreply.  Therefore, his motion for leave to file a surreply (*see* ECF No. 10) will be **DENIED AS MOOT**.

When ruling on a Rule 12(b)(1) motion, the court must "treat the complaint's factual allegations as true" and must afford the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Delta Air Lines, Inc. v. Export–Import Bank of U.S.*, 85 F. Supp. 3d 250, 259 (D.D.C. 2015) (internal quotation marks and citation omitted). However, those factual allegations receive "closer scrutiny" than they would in the Rule 12(b)(6) context, *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (internal quotation marks and citation omitted), and the Court need not "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations[,]" *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001). Moreover, unlike a Rule 12(b)(6) motion, a court may look to documents outside of the complaint in order to evaluate whether or not it has jurisdiction to entertain a claim. *See Jerome Stevens Pharm., Inc. v. F.D.A.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

### B.     Article III Standing To Sue

The doctrine of Article III standing addresses whether the plaintiff has demonstrated "such a personal stake in the outcome of the controversy as to warrant [the] invocation of federal-court jurisdiction." *New England Anti-Vivisection Soc'y v. U.S. Fish & Wildlife Serv.*, 208 F. Supp. 3d 142, 155 (D.D.C. 2016) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Renne v. Geary*, 501 U.S. 312, 316 (1991) (internal quotation marks and citation omitted). And evaluating standing requires the court to assess whether a plaintiff has

demonstrated the "irreducible constitutional minimum" necessary to implicate a federal court's subject-matter jurisdiction over a lawsuit, *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1547 (2016) (internal quotation marks and citation omitted), which consists of three elements: injury in fact, causation, and redressability, *see Dominguez v. UAL Corp.*, 666 F.3d 1359, 1362 (D.C. Cir. 2012).  These Article III requirements are "essential and unchanging[.]" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

*First*, the plaintiff must have suffered an injury in fact—"an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted).  "Allegations of possible future injury do not satisfy the requirements of Art. III[,]" for a "threatened injury must be certainly impending to constitute injury in fact." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) (internal quotation marks and citation omitted).  *Second*, the plaintiff must allege "a causal connection between the injury and the conduct complained of[,]" *Lujan*, 504 U.S. at 560; in other words, "the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court[,]" *id.* (internal quotation marks, citation, and alterations omitted).  Notably, "the mere possibility that causation is present is not enough; the presence of an independent variable between either the harm and the relief or the harm and the conduct makes causation sufficiently tenuous that standing should be denied." *Mideast Sys. & China Civil Const. Saipan Joint Venture, Inc. v. Hodel*, 792 F.2d 1172, 1178 (D.C. Cir. 1986).  *Third*, the complaint must state facts that make it "likely, as opposed to merely

8

speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561 (internal quotation marks and citation omitted). Indeed, "the indirectness of the injury . . . may make it substantially more difficult . . . to establish that, in fact, . . . prospective relief will remove the harm." *Warth v. Seldin*, 422 U.S. 490, 505 (1975).

## III. ANALYSIS

In the instant case, the complaint recounts at length Baisden's so-called "tax mitigation work" over the course of many years (*see, e.g.*, Compl. ¶¶ 4–38, 48–67), and its only allusion to any injury is one paragraph that "alleges that § 922(g)(1), which prohibits firearm possession by certain felons, and § 922(d)(1), which prohibits the sale and transfer of firearms to certain felons, together prevent [Baisden] from acquiring a firearm" (*id.* ¶ 40). The complaint also clarifies that Baisden is seeking "a declaration that Section 922(g)(1) and Section 922(d)(1) do not apply to bar him to acquire and possess a firearm[,] and an entry of an order permanently enjoining [the Attorney General] and ATF from enforcing Section 922(g)(1) and Section 922(d)(1) against him." (*Id.* ¶ 47.) A sworn statement that Baisden has submitted further states that he "will use a gun for any lawful purpose as allowed in other states, when this Federal firearms disability is removed." (Baisden Decl., ECF No. 8-1, ¶ 16.) Consequently, in the abstract, Baisden's inability to possess a firearm lawfully *might* qualify as a cognizable injury in fact under Article III. *See, e.g.*, *Medina v. Sessions*, 279 F. Supp. 3d 281, 286–87 (D.D.C. 2017). But such a theoretical possibility is not a sufficient factual basis upon which to determine that Baisden has Article III standing to bring the claims at issue.

This is because, a threshold matter, Baisden's complaint is completely silent with respect to any specific facts concerning whether he ever owned a firearm or possessed a permit, ever used a firearm or intended to use one, or ever wished or desired to possess one in the future.  This deficiency is a fatal one, for purposes of Article III standing, because it is not enough merely to allege "an invasion of a legally protected interest which is [] concrete and particularized," but that concrete injury must also be "actual or imminent, not conjectural or hypothetical[.]"  *Lujan*, 504 U.S. at 560–61 (internal quotation marks and citations omitted).  To be sure, the complaints filed by *pro se* plaintiffs, such as Baisden, are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the benefit afforded to a *pro se* litigant regarding construction of the complaint "is not . . . a license to ignore the Federal Rules of Civil Procedure[,]" *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009).  Thus, Baisden's complaint must contain allegations of fact that establish that he has an actual injury—as opposed to a purely hypothetical one—and his later filings, such as the sworn declaration that is attached to his brief in opposition to the government's motion to dismiss, cannot amend his complaint in this regard.  *See Mattiaccio v. DHA Grp., Inc.*, 908 F. Supp. 2d 136, 139 (D.D.C. 2012) (explaining that not even a *pro se* litigant can "amend his [c]omplaint by way of declaration or assertions in his pleadings").

Notably, even if this Court were to infer from Baisden's sworn declaration that he has been injured due to an unspecified, generalized wish to possess a firearm in some state, including Ohio (*see* Baisden Decl. ¶ 16), "[s]uch 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some

day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Summers*, 555 U.S. at 496 (internal citation omitted); *see also Hassan v. United States*, 441 F. App'x 10, 11 (2d Cir. 2011) (holding that a naturalized citizen who "alleges no specific steps toward, or concrete plans in furtherance of, a run for the presidency" had not alleged an injury in fact to challenge the requirement that U.S. Presidents be natural born citizens); *Baz v. Dep't of Homeland Sec.*, No. 18-cv-01013, 2019 WL 5102827, at *5 (D.D.C. Oct. 11, 2019) (holding that a plaintiff who challenged his inclusion in a no-fly list failed to allege an injury in fact because he "never allege[d] that he was prevented from boarding a particular flight that would merely transit the United States" or that "he plans in the relatively near future to board a flight that would transit U.S. airspace").

Baisden does suggest that possessing a firearm subjects him to criminal liability under federal law. (*See* Comp. ¶ 40.) But in the absence of *some* factual allegation that indicates that he has a plan or a particular intention to possess a firearm, that legal bar does not constitute a cognizable injury in fact, and this is so even though a plaintiff need not "expose himself to liability before bringing suit to challenge the basis for the threat[.]" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 129 (2007). Indeed, "[w]hen the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder, he should not be required to await and undergo a criminal prosecution as the sole means of seeking relief." *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979) (internal quotation marks and citation omitted). Still, there must be some plausible allegation of an intention to

engage in the proscribed conduct and, in this respect, courts look to "whether the plaintiffs have articulated a concrete plan to violate the law in question[.]" *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (internal quotation marks and citation omitted); *see also Doe Run Res. Corp. v. E.P.A*., 528 F. App'x 1, 2 (D.C. Cir. 2013) (holding that a plaintiff who had "no concrete plans" of engaging in a certain conduct, but merely alleged that he was "exploring . . . opportunities" to do so, had not pleaded a non-speculative injury in fact under Article III). Here, unfortunately, Baisden's filings are silent with respect to his plans or intentions to possess a firearm, and as a result, he has failed to allege a cognizable injury in fact for purposes of Article III standing.

    The two cases upon which Baisden primarily relies to support his standing argument (*see, e.g.*, Compl. ¶ 42–44 (discussing *Reyes*, 342 F. Supp. 3d at 145–46); Pl.'s Opp'n at 7 (discussing *Medina*, 279 F. Supp. 3d at 286–87)) do not compel a different conclusion. The plaintiff in *Medina v. Sessions* alleged that he "intend[ed] to purchase and possess firearms for sport and self-defense within his own home[,]" Complaint, *Medina v. Sessions*, No. 16-cv-1718, ECF No. 1, ¶ 5 (D.D.C. Aug. 24, 2016), and, even more specifically, that he had previously purchased land in Wyoming, possessed a Wyoming hunting license, and had hunted there using a replica of an antique firearm for many years, *see id.* ¶¶ 26–33. Similarly, in *Reyes v. Sessions*, the plaintiff alleged that he "desire[d] to purchase and possess firearms for defense of both himself and his family, and for hunting[.]" Complaint, *Reyes v. Sessions*, No. 17-cv-1643, ECF No. 1, ¶ 10 (D.D.C. Aug. 14, 2017). The complaint in the *Reyes* case also stated that, "in August 2017, [Reyes] discussed his desire to purchase a handgun with

12

two different firearms merchants[,]" and that, "[u]pon disclosing that he had been convicted of a white collar federal felony, he was informed by both merchants that federal law prohibits the sale of a firearm to felons and that if he checked the box on the background check form indicating that he has been convicted of a felony, the sale would be cancelled[.]" *Id.* ¶ 32. The *Reyes* complaint further explained that the plaintiff thus had refrained from attempting to acquire a firearm "because, were he successful, he would be subject to arrest, prosecution, incarceration, and fine, at Defendants' instigation and direction, for violating Section 922(g)(1)." *Id.* ¶ 30. *See also Dearth v. Holder*, 641 F.3d 499, 502 (D.C. Cir. 2011) (noting how the plaintiff in that case had "twice attempted to go through the 'formal process' of applying to purchase a firearm and each time failed because of the laws and regulations he now challenges").

Again, in the instant case, Baisden's complaint lacks any allegations of fact that demonstrate that he has "concrete plans" to possess a firearm, *Summers*, 555 U.S. at 496, such that he can be deemed *actually* injured by the ban he seeks to challenge and/or by the government's potential application of that ban to him. Thus, the complaint in this case is plainly insufficient to survive the government's motion to dismiss for lack of subject-matter jurisdiction.

## IV.  ORDER

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' motion to dismiss for lack of subject-matter jurisdiction (*see* ECF No. 6) is **GRANTED**, and as a result Plaintiff's complaint is **DISMISSED without prejudice**. It is

13

**FURTHER ORDERED** that, if Plaintiff desires to file an amended complaint, he shall do so on or before November 6, 2020; otherwise, after that date, the instant civil action will be dismissed.

In light of these orders, it is

**FURTHER ORDERED** that Plaintiff's motion for leave to file a surreply (*see* ECF No. 10) is **DENIED AS MOOT**.

DATE: October 16, 2020

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge