UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOWELL A. BAISDEN,<br><br>     Plaintiff,<br><br>  v.<br><br>MERRICK B. GARLAND,[1] in his official capacity as Attorney General of the United States, *et al.*,<br><br>     Defendants. | Civil Action No. 19-3105 (JMC) |

### MEMORANDUM OPINION

Before this Court is the Government's motion to dismiss Plaintiff Lowell Baisden's first amended complaint. ECF 16. Baisden, due to his prior conviction for felony attempted tax evasion, is prohibited from purchasing or possessing a firearm under 18 U.S.C. §§ 922(g)(1) and (d)(1). He asks this Court to enjoin the Government from applying this law to him. ECF 14 at 25. Specifically, his amended complaint alleges that his conviction falls within a statutory exception to the federal prohibition on felon firearm possession or, in the alternative, that the federal felon-in-possession law violates the Second Amendment. *Id.* While the Court finds that Baisden has standing to make these challenges, the Court also finds them to be precluded by straightforward principles of statutory construction and D.C. Circuit precedent. As such, the Court will **GRANT** the Government's motion to dismiss for failure to state a claim.[2]

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Merrick B. Garland is automatically substituted for his predecessor, Jeffrey A. Rosen, Acting Attorney General of the United States.
[2] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

I.    BACKGROUND

Not much has changed since this Court dismissed Baisden's original complaint, so the Court will provide only a brief summary of the facts. *Cf. Baisden v. Barr*, No. 19-cv-3105 (KBJ), 2020 WL 6118181 (D.D.C. Oct. 16, 2020). In 2012, Baisden pleaded guilty to felony attempted tax evasion in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2 and was sentenced to a term of thirty-seven months of imprisonment. *See United States v. Baisden*, No. 4:09-cr-03031-2, ECF 223 at 1, ECF 283 at 1 (D. Neb.). He served his term of imprisonment in California, and his associated period of supervised release ended on June 16, 2016. ECF 14 ¶¶ 27, 32, 36. On October 3, 2019, Baisden initiated this lawsuit, pro se, against the Attorney General and the Acting Deputy Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), seeking declaratory and injunctive relief to allow him to possess a firearm. ECF 1.

After briefing on the Government's motion to dismiss, *see* ECF 6; ECF 8; ECF 9, this Court found that Baisden failed to "allege any cognizable, non-speculative injury that is capable of supporting Article III standing" and dismissed Baisden's first complaint for lack of standing. *See Baisden*, 2020 WL 6118181, at *1. Baisden's alleged injury was that Sections 922(g) and 922(d) "together prevent him from acquiring a firearm." ECF 1 ¶ 40. However, his complaint was "completely silent with respect to any specific facts concerning whether he ever owned a firearm or possessed a permit, ever used a firearm or intended to use one, or ever wished or desired to possess one in the future," and "[t]his deficiency [was] a fatal one." *Baisden*, 2020 WL 6118181, at *4. Even acknowledging Baisden's sworn declaration that he intended to "use a gun for any lawful purpose as allowed in other states[] when this Federal firearms disability is removed," ECF 8-1 ¶ 16, this Court held that "such 'some day' intentions—without any description of concrete plans, or indeed any specification of *when* the some day will be—do not support a finding

2

of the 'actual or imminent' injury that our cases require." *Baisden*, 2020 WL 6118181, at *5 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)).

Baisden's amended complaint contains a variety of new allegations. On top of his new legal claim that the felon-in-possession statute violates the Second Amendment, Baisden has added factual allegations about his intent to obtain a firearm. He alleges that he "has a specific plan to purchase and possess a firearm upon being lawfully authorized to do so," but does not "inten[d] to violate any law or regulation" so he will not act on that plan until "after his Second Amendment disability has been lawfully and properly removed." ECF 14 ¶ 73. He adds detail to his "specific plan" by alleging that he "desires to purchase and possess firearms for self-defense and for sportsmanship in Ohio," a state whose law poses no bar to Baisden's gun ownership despite his felony tax fraud conviction. *Id.* ¶ 72 (citing Ohio Rev. Code §§ 2923.13(A)(2)–(3), 2923.14). Finally, Baisden alleges that, "during June through December, Baisden resides with his relatives in Ohio" due to his financial and health problems, which are worsened by his presence in California. *Id.* ¶¶ 74–77; *see also id.* ¶ 2 (describing Baisden as a "resident of the State of California and the State of Ohio").

The Government now moves to dismiss this case again under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), raising nearly identical arguments to those in its prior motion to dismiss. *Compare* ECF 16-1, *with* ECF 6-1. That is, the Government argues that Baisden still has not alleged enough to establish Article III standing and, in any case, he has failed to state a claim on which relief can be granted because (1) felony tax evasion does not fall within the statutory exception to the federal felon-in-possession law and (2) D.C. Circuit precedent forecloses Baisden's Second Amendment challenge. ECF 16-1 at 16, 23, 34. Baisden counters by pointing to his new allegations of his "desire and concrete plan to purchase and possess firearms" in Ohio,

which are supplemented with allegations about Ohio's more lenient gun laws, his prior time in Ohio, and his intent to return to the state to live with his relatives there. ECF 18 at 3–4. On the merits, Baisden insists that his felony tax evasion conviction is exempt from the felon-in-possession prohibition because his crime relates to "business practices," and that, as a constitutional matter, he should not lose his firearms rights as a nonviolent felon. *Id.* at 6–9.

## II.    LEGAL STANDARD

When assessing a motion to dismiss under Rule 12(b)(1), "it is to be presumed that a cause lies outside the federal courts' limited jurisdiction." *Muhammad v. FDIC*, 751 F. Supp. 2d 114, 118 (D.D.C. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A court must "treat the complaint's factual allegations as true" and afford the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). That said, a court is obligated to "scrutinize the plaintiff's allegations more closely" than it would when considering a motion to dismiss pursuant to Rule 12(b)(6). *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011) (citing *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003)).

For a Rule 12(b)(6) motion, the Court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Once again, the Court "must accept as true all of the allegations contained in a complaint," but need not do the same for legal conclusions. *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). At bottom, the complaint must contain allegations sufficient to permit a "reasonable inference that the defendant is liable for the misconduct alleged." *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011) (quoting *Iqbal*, 556 U.S. at 678).

### III.    ANALYSIS

#### A.    Standing

The Court finds that Baisden has standing. Standing is an "irreducible constitutional minimum" required for a federal court to exercise its subject-matter jurisdiction over a lawsuit. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). It requires a showing of a "concrete and particularized" injury in fact that is "actual or imminent, not conjectural or hypothetical," "a causal connection between the injury and the conduct complained of," and a true likelihood, not mere speculation, that "the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

Baisden appears to concede the Government's argument that, to the extent he hopes to purchase or possess a gun in California, his case has serious traceability and redressability issues. That is, Baisden does not refute that the law of California "independently bars his possession of firearms because he is a convicted felon" and "thus [he] cannot rely on his inability to possess a firearm in his state of residence—California—to establish standing." ECF 16-1 at 17; ECF 18 at 2–3; *see* ECF 14 ¶ 2 ("LOWELL BAISDEN, is a natural person and resident of the State of California and the State of Ohio."); *see also* Cal. Penal Code § 29800(a)(1) (prohibiting a "person who has been convicted of . . . a felony under the laws of the United States," from owning, purchasing, receiving, or possessing a firearm).

Yet, as Baisden correctly observes, California law does not extend so far as to prohibit him from purchasing or possessing a firearm anywhere in the United States. *See* ECF 18 at 2–3. As at least one court in this District has held when addressing this issue, although California law may prohibit Baisden from possessing or even owning a gun while residing in California, at minimum this law "does not stop [him] from *possessing* a firearm in another state, because California courts

lack the authority to penalize conduct that takes place wholly outside the state's borders." *Medina v. Sessions*, 279 F. Supp. 3d 281, 286 (D.D.C. 2017) (citing *People v. Betts*, 103 P.3d 883, 887 (Cal. 2005)), *aff'd sub nom.*, *Medina v. Whitaker*, 913 F.3d 152 (D.C. Cir. 2019).

As such, the determinative question is whether Baisden has sufficiently alleged that he plans to use a firearm in a state whose law does not independently prohibit him from doing so. He must demonstrate that he has concrete plans, not generic "some day" intentions, that "support a finding of the 'actual or imminent' injury that our cases require." *Earth Island Inst.*, 555 U.S. at 496. His allegations must go beyond a "vague[] suggest[ion] [of] a desire to use a firearm outside of California," *Medina*, 279 F. Supp. 3d at 286, for example by including specifics about where, when, or for what purpose he intends to engage in this conduct that is otherwise prohibited by federal law. In Baisden's original complaint, the absence of any such "specific facts" about whether he "ever wished or desired to possess [a firearm] in the future" proved "fatal." *Baisden¸* 2020 WL 6118181, at *4.

Now, Baisden has alleged sufficiently concrete plans for standing purposes. He has alleged an intent to purchase and possess firearms for the purposes of "self-defense" and "sportsmanship hunting." ECF 14 ¶ 72. He has identified a specific state (Ohio) with more lenient firearms laws that would not pose an independent obstacle to his gun ownership or possession. ECF 14 ¶¶ 72–73, 78–82. He has alleged facts that establish a nexus to that state that renders his stated plans both concrete and plausible. ECF 14 ¶¶ 74–77. True enough, Baisden still has not alleged that he has any experience with firearms or that he has attempted to acquire one, *see Baisden¸* 2020 WL 6118181, at *4, but while such facts would certainly bolster a finding of standing, they are not necessary. Accepting, as the Court must, that Baisden's stated plans are truthful, he can establish standing even if he is a would-be first-time gun owner. Moreover, he need not allege that he has

violated or intends to violate federal law, which "undoubtedly prohibit[s] him from purchasing [or possessing] a firearm." *Dearth v. Holder*, 641 F.3d 499, 503 (D.C. Cir. 2011). Rather, he need only demonstrate that his injury is concrete, actual or imminent, and not merely conjectural or hypothetical, which he has done by plausibly alleging that, once lawfully permitted, he will purchase or possess a firearm for sportsmanship or self-defense in a state he (at minimum) visits regularly and where local law presents no independent obstacle. *See Dearth*, 641 F.3d at 503; *Medina*, 279 F. Supp. 3d at 286–87; *Reyes v. Sessions*, 342 F. Supp. 3d 141, 146 & n.1 (D.D.C. 2018). Considering these new allegations, the Court finds that Baisden has established that he has standing to challenge the federal felon-in-possession statute.

### B. Failure to State a Claim

Baisden brings two challenges to the validity of 18 U.S.C. §§ 922(d)(1) and (g)(1): one statutory and one constitutional. The Government, in its motion to dismiss, argues that Baisden has failed to state a claim for which relief can be granted. The Court agrees with the Government and finds that both of Baisden's challenges must be dismissed.

#### 1. *Statutory Challenge*

The Court finds no merit in Baisden's argument that his crime of felony tax evasion qualifies for the "statutory business practices exception" under 18 U.S.C. § 921(a)(20)(A). *See* ECF 14 ¶¶ 103–105. Section 921(a)(20)(A) exempts "Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices." 18 U.S.C. § 921(a)(20)(A). Baisden's crime of conviction— felony tax evasion under 26 U.S.C. § 7201—is none of these things. A "willful[] attempt[] . . . to evade or defeat any tax imposed by [Title 26 of the United States Code]" is not an antitrust violation, an unfair trade practice, a restraint of trade, or a "similar offense[]" relating to business

regulation. *See* 26 U.S.C. § 7201; 18 U.S.C. § 921(a)(20)(A). Instead, it is an offense that has long been understood as one that penalizes and deters those who would directly cause a loss of revenue to the federal treasury, regardless of the particular manner in which the offender does so. The offense serves as a shield for the entire Internal Revenue Code, punishing the avoidance of *any* tax under Title 26 with no special focus on trade, commercial practices, or business regulation. *See* 26 U.S.C. § 7201.

Baisden's insistence that, under *Reyes v. Sessions*, "aiding and abetting of . . . federal income tax evasion . . . falls within Section 921(a)(20)(A)'s exception for offenses related to the regulation of business practices" is unpersuasive. *See* ECF 14 ¶¶ 46–47. Upfront, this Court observes that it need not strictly follow the *Reyes* decision. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). Even if the Court were to do so, however, that case does not support Baisden's arguments. The *Reyes* court concluded that "offenses only qualify as excluded offenses under § 921(a)(20)(A) if the violated statutes relate to the regulation of business practices and are intended to address harm to competition or consumers." *Reyes*, 342 F. Supp. 3d at 148. It concluded that securities fraud committed in violation of the Exchange Act, which was "primarily intended to prevent economic harm to investors," qualified as an excepted commercial offense. *Id.* at 152. Baisden does not allege that felony tax evasion has a similar purpose of addressing "economic harm to consumers" generally, *id.* at 151, but instead relies on the "aiding and abetting" nature of his offense in particular, emphasizing that his conduct caused "material harm" to his own customers. ECF 14 ¶ 56; ECF 18 at 6–7. According to Baisden, since he helped his customers unlawfully

8

evade taxes and, as a result, they "may be liable for penalties or criminal prosecution related to the false reporting of their income," his offense is "an economic activity crime." ECF 18 at 6–7.

Baisden's argument proves too much. Someone who aids and abets a crime can contribute to another person's potential exposure to penalties or criminal liability, which of course may result in some economic harm to that person. *See* 18 U.S.C. § 2. But if a defendant acts alone when committing a crime that does not have the primary purpose of addressing economic harm to consumers or competition, that offense does not become "an economic activity crime" when the defendant helps a "customer" engage in the same criminal conduct. *See Reyes*, 342 F. Supp. 3d at 151 (holding that the Court must look to "the primary purpose of the violated statute"). The Court has already observed that prohibitions on tax evasion serve to punish filers who seek to avoid tax liability and cause a loss of revenue to the government—it does not primarily target those who harm consumers or competition. Accordingly, because tax evasion is not a "business regulation" offense exempted from the felon-in-possession ban, Baisden's statutory claim cannot survive the Government's motion to dismiss.

### 2. *Constitutional Challenge*

Baisden's constitutional challenge fares no better than his statutory one. The Second Amendment does not confer an absolute "right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). Rather, it is subject to certain historic limitations that have long been deemed permissible, including "prohibitions on the possession of firearms by felons." *Id.* While Baisden protests that "Section 922's prohibition on nonviolent felons from bearing arms is an unconstitutional burden that cannot be justified," ECF 14 ¶ 95, his argument is foreclosed by D.C. Circuit precedent rejecting a near-identical challenge to Section 922.

In *Medina v. Whitaker*, the D.C. Circuit reviewed the dismissal of a Second Amendment challenge to Section 922(g)(1) brought by an individual convicted of one felony count of making a false statement to a lending institution. 913 F.3d at 154. In affirming, the court "look[ed] to tradition and history" and found no persuasive evidence "that *only* dangerous persons could be disarmed." *Id.* at 158. Rather, the historical evidence led the court to hold that, "dangerous" or not, "those convicted of felonies are not among those entitled to possess arms." *Id.* at 159–160; *see also N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2162 (2022) (Kavanaugh, J., concurring) ("Nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."). And while the Court observed without deciding that there may be some "possib[ility] for a convicted felon to show that he may still count as a law-abiding, responsible citizen," the plaintiff could not succeed on any as-applied challenge without proving something "about [his] crime [that] distinguishes him from other felons." *Medina*, 913 F.3d at 160–61. The plaintiff in *Medina* failed to do so, as "[h]e was convicted of felony fraud—a serious crime, *malum in se*, that is punishable in every state." *Id.* at 160.

The D.C. Circuit's opinion in *Medina* forecloses Baisden's constitutional challenge. Just like the plaintiff in *Medina*, Baisden was convicted of a felony fraud—tax fraud—and the fact that his crime was directed at the treasury rather than a lending institution is a distinction without a difference. *See Ingram v. United States*, 360 U.S. 672, 675–76 (1959) ("[A]ttempt to evade or defeat federal taxes [is] 'the gravest of offenses against the revenues.'"). It was Baisden's burden to show that the crime of felony tax evasion is one "so minor or regulatory that he did not forfeit his right to bear arms by committing it." *Medina*, 913 F.3d at 160. Baisden, like the plaintiff in *Medina*, has not met his burden. While Baisden provides some detail about his particular

circumstances and alleges, for example, that he is "no threat to public safety," ECF 14 ¶¶ 85–86, these facts are "not relevant" as a matter of law. *Medina*, 913 F.3d at 160.

* * *

For the foregoing reasons, Defendants' motion to dismiss for failure to state a claim, ECF 16, is **GRANTED**, and as a result Plaintiff's first amended complaint and this civil action is **DISMISSED**.

**SO ORDERED.**

                                                       _____
JIA M. COBB
United States District Judge

Date: November 15, 2023